Filed 9/4/25  Ramirez v. Law Offices of Adam Zolonz CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| CHRISTINA RAMIREZ, | B334010 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23STCV16604) |
| v. | |
| LAW OFFICES OF ADAM ZOLONZ et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

Law Offices of Ronald Richards & Associates and Ronald N. Richards; Manatt, Phelps & Phillips, Benjamin G. Shatz, for Defendants and Appellants.

Franklin Law, Zak Franklin, Kevin Meil for Plaintiff and Respondent.

# INTRODUCTION

In 2022 Congress amended the Federal Arbitration Act (9 U.S.C. § 1 et seq.) by enacting the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA; 9 U.S.C. §§ 401-402). Generally, the EFAA renders arbitration agreements unenforceable at the plaintiff's election in sexual assault and sexual harassment cases.

Christina Ramirez sued her former employers, Adam Zolonz and the Law Offices of Adam Zolonz, APC, alleging 15 causes of action including sexual harassment, disability discrimination, and wage and hour violations. Defendants moved to compel arbitration. They acknowledged that two of Ramirez's causes of action were exempt from arbitration under the EFAA because they related to sexual harassment, but argued that Ramirez should be compelled to arbitrate her remaining claims. The trial court denied defendants' motion, and defendants appealed.

We follow the published California case law holding that because the EFAA's plain language states that arbitration may not be compelled in "a case" that relates to a sexual harassment dispute, the statute is not limited to specific causes of action. Accordingly, we affirm the trial court's denial of defendants' motion to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Complaint

Ramirez filed her complaint on July 17, 2023. She alleged she had been employed by defendants from September 2022 to January 2023. She asserted that defendants racially discriminated against her because although she is of Hispanic origin, she does not speak Spanish. She also alleged that Zolonz

2

flirted with her and offered her gifts, but she was not interested in his advances. She alleged, "Once Mr. Zolonz caught onto Ms. Ramirez's rejection, he became hostile toward Ms. Ramirez and began engaging in routine verbal abuse, including becoming highly critical of her work and belittling Ms. Ramirez." The "verbal abuse" included using profanity, belittling Ramirez, and calling her stupid.

Ramirez also alleged failure to provide adequate breaks and failure to pay overtime wages. She further asserted claims for disability discrimination, alleging that a bout of back pain led to a diagnosis of kidney tumors and uterine fibroids that required "surgical intervention and extensive treatment." Ramirez also tested positive for asymptomatic Covid, and defendants told her she could not return to work until she tested negative. Ramirez alleged, "During her absence from work following her tumor and fibroids diagnoses, the nature and tone of Defendants' communications with Ms. Ramirez changed. Following Ms. Ramirez's diagnoses and continuing until the end of Ms. Ramirez's employment with Defendants, Defendants repeatedly attempted to pressure Ms. Ramirez to resign and sign a severance agreement and Defendants terminated her employment. Defendants would not have pressured Ms. Ramirez to resign her employment or terminated her employment but for her suffering from the disabilities that temporarily left her unable to work."

Ramirez alleged 15 causes of action: 1. Hostile work environment harassment based on race and sex under Government Code, section 12940 et seq. (FEHA); 2. Discrimination based on race, sex, disability, and/or medical condition under FEHA; 3. Failure to engage in the interactive

3

process under FEHA; 4. Failure to accommodate under FEHA; 5. Retaliation under FEHA; 6. Retaliation in violation of Labor Code section 1102.5; 7. Retaliation in violation of Labor Code section 98.6; 8. Breach of contract; 9. Wrongful termination in violation of public policy; 10. Meal break violations; 11. Rest period violations; 12. Failure to pay overtime wages and minimum wage; 13. Failure to timely pay final wages upon cessation of employment; 14. Failure to reimburse necessary business expenses; and 15. Failure to pay sick leave benefits.

## B. First amended complaint (FAC)

Ramirez filed her FAC on September 1, 2023 alleging the same 15 causes of action. In the FAC, Ramirez expanded her allegation that Zolonz sexually harassed her, stating, "Once Mr. Zolonz caught onto Ms. Ramirez's rejection, he became hostile toward Ms. Ramirez and Defendants began engaging in routine verbal abuse, including levying increased and unwarranted criticism of Ms. Ramirez's work to attempt to justify terminating her employment, belittling Ms. Ramirez, refusing to honor Ms. Ramirez's employment contract, refusing to engage in a good faith interactive process or accommodate Ms. Ramirez when she became disabled and needed medical attention, and terminating her employment." The FAC continued, "Ms. Ramirez refusing to reciprocate Mr. Zolonz's flirtations is at the core of this case. But for Ms. Ramirez rejecting Mr. Zolonz's overtures, Defendants would not have failed to properly compensate Ms. Ramirez, refused to engage her in an interactive process to accommodate her disabilities, or terminated her employment." The remaining allegations were essentially unchanged.

4

## C.     Motion to compel arbitration

Defendants moved to stay the proceedings and compel arbitration.  (Code Civ. Proc, §§ 1281.2, 1281,4.)  They asserted that under the arbitration provision of the employment agreement Ramirez signed when she began working for defendants, Ramirez was required to arbitrate all of her claims except her first cause of action for hostile work environment and her fifth cause of action for retaliation under FEHA, which defendants characterized as sexual harassment-based causes of action.

Defendants acknowledged that the two sexual harassment causes of action were not subject to arbitration due to the EFAA. Under that statute, "at the election of the person alleging conduct constituting a sexual harassment dispute . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to . . . the sexual harassment dispute." (9 U.S.C. § 402(a).)[1] Defendants noted that under the EFAA, "The term 'sexual harassment dispute' means a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law."  (9 U.S.C. § 401(4).)  Thus, defendants conceded that the two sexual harassment causes of action were exempt, but the remaining 13 causes of action must be sent to arbitration.

Defendants acknowledged that the "law is developing on the scope of the EFAA as it relates to covered and not covered

---

[1]     The EFAA also states that "[a]n issue as to whether this chapter applies with respect to a dispute shall be determined under Federal law," and "shall be determined by a court, rather than an arbitrator."  (9 U.S.C. § 402(b).)

5

claims." They argued that the court should find that the EFAA did not exempt the entire action from arbitration. They stated, "It was only after Defendants met and conferred with Plaintiff regarding this Motion that Plaintiff filed her [FAC] attempting to link her alleged sexual harassment to all of the other non-sexual harassment causes of action. . . . This was done by Plaintiff gratuitously because sexual harassment is not an element of the other causes of action and in an obvious attempt to avoid binding arbitration by trying to invoke the" EFAA. They argued, "This reeks of a sham pleading to avoid arbitration," and Ramirez "should not be able to greatly expand the scope of the EFAA in this way." They argued that the "thirteen other causes of action for race and gender discrimination, disability violations, meal and rest break violations, and wages/hour claims are subject to the binding arbitration agreement."

**D.    Opposition**

Ramirez opposed the motion. She argued, "This case is, at its core, a sexual harassment dispute and each of its tentacles relate [*sic*] to the sexual harassment dispute." She argued that the EFAA states that no arbitration agreement "shall be valid or enforceable with respect to *a case*" that "relates to" a "sexual harassment dispute." (9 U.S.C. § 402(a), emphasis added.) Ramirez asserted that defendants' attempt to exempt certain causes of action from the requirements of the EFAA contradicted all existing case law on the issue.

Defendants filed a reply in support of their motion.

**E.    Ruling**

Following a hearing, the trial court denied defendants' motion. The court noted that the EFAA "prohibits forced arbitration of 'cases' that 'relate' to a sexual assault dispute or

6

sexual harassment dispute." The court stated, "All causes of action in the operative complaint relate to the alleged sexual harassment of Plaintiff. Plaintiff alleges that Mr. Zolonz treated her much differently before Plaintiff made clear she was uninterested in him romantically. After she rejected his advances, Mr. Zolonz allegedly became antagonistic to Plaintiff by, among other actions, refusing her disability rights and committing Labor Code violations. Under [the EFAA], the arbitration agreement is not enforceable as to any of Plaintiff's causes of action."

Defendants timely appealed. (Code Civ. Proc., § 1294, subd. (a).)

## DISCUSSION

Defendants contend the EFAA "should not apply" to Ramirez's non-sexual harassment claims, and that Ramirez is committing EFAA "abuse" by advocating that the EFAA bars arbitration for her entire case. Ramirez argues that under the plain language of the EFAA, defendants' motion to compel arbitration was properly denied.

Generally, we review a ruling on a petition to compel arbitration for an abuse of discretion. (*Casey v. Superior Court* (2025) 108 Cal.App.5th 575, 583 (*Casey*).) "But when, as here, the ruling presents a pure question of law (whether the EFAA applies and preempts [defendants'] motion to compel), we review the trial court's order de novo." (*Ibid.*) The burden is on the appellant to establish that the trial court committed an error that justifies reversal of the judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

As noted above, the EFAA states that "at the election of the person alleging conduct constituting a sexual harassment dispute

7

. . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to . . . the sexual harassment dispute." (9 U.S.C. § 402(a).) Although there were no published California cases addressing this issue at the time the trial court decided defendants' motion to compel, several cases have since held that the EFAA applies to limit arbitration of a plaintiff's entire "case," not just particular causes of action. We agree with the reasoning of these cases.

In the first case, *Doe v. Second Street Corp.* (2024) 105 Cal.App.5th 552 (*Second Street*), the plaintiff alleged 11 causes of action, including sexual harassment and a variety of wage-and-hour violations. The defendant employer moved to compel arbitration, arguing that the plaintiff's non-sexual harassment claims should be sent to arbitration. The Court of Appeal rejected this argument, holding, "[T]he EFAA facially applies to '*a case* which
. . . relates to the sexual assault dispute or the sexual harassment dispute.' (9 U.S.C. § 402(a), italics added.) By its plain language, then, the statute applies to the entire *case*, not merely to the sexual assault or sexual harassment claims alleged as a part of the case. It is significant, moreover, that the statute does not require that the pendant [*sic*] claims *arise out of* the sexual assault or sexual harassment dispute; it is enough that the case *relates to* the sexual assault or sexual harassment claims." (105 Cal.App.5th at p. 577.)

*Second Street* was followed by *Liu v. Miniso Depot CA, Inc.* (2024) 105 Cal.App.5th 791 (*Liu*), in which the plaintiff alleged a variety of sexual harassment and retaliation claims against a former employer. The employer asserted that only the sexual

8

harassment claims were exempt from arbitration under the EFAA. The Court of Appeal again rejected this position. It noted that "the key word in section 402(a) is 'case.' The common meaning of the word, in the context of litigation, is an action or suit." (105 Cal.App.5th at p. 802.) The court continued, "[O]ne cannot reasonably interpret section 402(a) as invalidating an arbitration agreement only with respect to certain claims within a case. The term Congress chose—'case'—is different from the term 'claim.' [Citations.] If Congress had intended the result [the defendant] seeks, it would have used the term 'claim' instead of 'case' . . . or alternatively stated that the arbitration provision would be unenforceable 'only to that portion of the case related to the sexual harassment dispute.'" (*Id.* at p. 803.)

The reasoning of *Second Street* and *Liu* was followed in *Casey, supra,* 108 Cal.App.5th 575, where the employer defendant argued that the EFAA did not exempt plaintiff's wage-and-hour claims from arbitration. The Court of Appeal held "that where a plaintiff's lawsuit contains at least one claim that fits within the scope of the EFAA, 'the arbitration agreement is unenforceable as to all claims asserted in the lawsuit.'" (108 Cal.App.5th at p. 588, quoting *Liu, supra*, 105 Cal.App.5th at p. 800.) The court added, "The EFAA provides that it applies to 'a case' (9 U.S.C. § 402(a))—as opposed to a claim—that a plaintiff brings alleging sexual harassment, meaning that the EFAA applies to an entire case." (*Casey, supra*, 108 Cal.App.5th at p. 588.)

We agree with these cases' reading of the EFAA, and find that the EFAA bars arbitration here. Ramirez filed an action under state law alleging sexual harassment causes of action, and her entire case "relates to" those claims because it focuses on

9

defendants' treatment of her as an employee. Under the EFAA, "no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under . . . State law and relates to . . . the sexual harassment dispute." (9 U.S.C. § 402(a).) Ramirez's case fits squarely within this statute, its plain language, and the interpretations in *Second Street*, *Liu*, and *Casey*.

Defendants argue that the reasoning of *Second Street*, *Liu*, and *Casey* is "not sound." They urge us to instead follow *Mera v. SA Hospitality Group, LLC* (S.D.N.Y. 2023) 675 F.Supp.3d 442 (*Mera*), a ruling by a magistrate judge in the Southern District of New York. *Mera* noted that the plaintiff's wage-and-hour claims were brought on behalf of "'all non-exempt employees, including servers, bartenders, barbacks, waiters, bussers, and food runners among others, employed by Defendants' [and who] were 'subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages.'" (675 F.Supp.3d at p. 448.) The court held that the EFAA applied "only with respect to the claims in the case that relate to the sexual harassment dispute. To hold otherwise would permit a plaintiff to elude a binding arbitration agreement with respect to wholly unrelated claims affecting a broad group of individuals having nothing to do with the particular sexual harassment affecting the plaintiff alone." (*Id*. at p. 447.)

Both *Liu* and *Second Street* found the reasoning of *Mera* unpersuasive. The *Liu* court observed that "[i]n interpreting section 402(a) to invalidate an arbitration agreement 'only to the extent that the case . . . "relates to" the sexual harassment dispute' (*Mera v. SA Hospitality Group, LLC, supra*, 675

10

F.Supp.3d at p. 447), the *Mera* court in effect added 'to the extent' to the statutory language, which contravenes the rules of statutory construction." (*Liu, supra*, 105 Cal.App.5th at pp. 805-806.)  *Second Street* simply found *Mera* "inapposite." (*Second Street, supra*, 105 Cal.App.5th at p. 576.)  Other courts considering the scope of the EFAA have also distinguished *Mera*. (See, e.g., *Turner v. Tesla, Inc*. (N.D. Cal. 2023) 686 F.Supp.3d 917, 926 ["In contrast [to *Mera*], Turner's workplace injury and wage claims relate only to her own experience and employment at Tesla—and are intertwined with her sexual harassment claims. I find that the arbitration agreement is unenforceable as to each cause of action in Turner's complaint."]; *Diaz-Roa v. Hermes Law, P.C.* (S.D.N.Y. 2024) 757 F.Supp.3d 498, 532 fn. 9 [*Mera*'s interpretation of the EFAA is impractical and "antithetical to the language of the EFAA and its protective intent"].)

Defendants further argue that legislative history of the EFAA "clearly shows that [the EFAA] was never meant to exclude non-sexual harassment claims from arbitration."  The plain language of the statute is clear, however; there is no need to examine legislative history to determine Congress's intent.  (See, e.g., *Switzer v. Wood* (2019) 35 Cal.App.5th 116, 128 ["when the language of a statute is clear, we need go no further"]; *Green v. State of California* (2007) 42 Cal.4th 254, 260 ["If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent"].)[2]

---

[2]    Defendants also assert that Ramirez amended her pleadings in an attempt to link unrelated claims to the alleged sexual harassment in order to bring them all under the EFAA. Defendants invoke the sham pleading doctrine to argue that Ramirez "should have been held to the allegations in her original

Defendants have not demonstrated that the trial court erred or that reversal is warranted.

## DISPOSITION

The order denying defendants' motion to compel arbitration is affirmed. Ramirez is entitled to recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

ZUKIN, P. J.

MORI, J.

---

complaint." In light of our holding that the EFAA applies to Ramirez's entire "case," not only to claims relating to sexual harassment, there is no need to address this contention.

12